[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 22, 2012
JOHN LEY
CLERK

No. 11-13655
Non-Argument Calendar
_____

D.C. Docket No. 5:08-cv-00239-WTH-TBS

BLADIMIR RIOS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 22, 2012)

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Bladimir Rios, a Florida prisoner, appeals pro se the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. In the Florida courts, Rios collaterally attacked, Fla. R. Crim. P. 3.850, his conviction for second degree murder on the ground that his trial counsel had been ineffective for failing to move for a judgment of acquittal. Because the Florida courts reasonably applied clearly established federal law when they concluded that Rios had failed to establish that his counsel had performed deficiently, we affirm.

We review de novo the denial of a writ of habeas corpus. Borden v. Allen, 646 F.3d 785, 808 (11th Cir. 2011). To obtain a writ of habeas corpus, a defendant must prove that the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court unreasonably applies clearly established federal law when the state court "'identifies the correct governing legal principle from [the] decisions [of the Supreme Court], but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520, 123 S. Ct. 2527, 2534–35 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523 (2000)). To constitute an "unreasonable application" of federal law, the decision of the state court must be "so lacking in justification that

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. ___, 131 S. Ct. 770, 786–87 (2011). A habeas petitioner must "[s]urmount . . . [a] high bar" to overcome the presumption of reasonableness accorded counsel under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), and he must overcome the "doubly deferential" standard applied to the decisions of counsel under section 2254(d)(1). Harrington, 131 S. Ct. at 788. In other words, the petitioner must establish that no "reasonable argument [can be made] that counsel satisfied Strickland's deferential standard." Id.

The district court correctly denied Rios habeas relief. The Florida courts reasonably concluded that Rios's attorney had not been "deficient for failing to raise a meritless" motion to acquit Rios of first degree murder. Freeman v. Att'y Gen., 536 F.3d 1225, 1233 (11th Cir. 2008). The Florida courts reasonably determined that the state had presented sufficient evidence to prove that Rios had murdered Elvin Rodriguez with "premeditated design." Fla. Stat. § 782.04(1)(a)(1). One of Rios's cohorts, Edgardo Mercado, testified that Rios stabbed Rodriguez repeatedly because he was a snitch, and Mercado's account of the murder was consistent with the conditions at the murder scene and the findings of the medical examiner that Rodriguez had been stabbed at least 87 times with

two knives and had been struck in his left lung, aorta, and jugular vein.  See Boyd v. State, 910 So. 2d 167, 182 (Fla. 2005) ("[T]he deliberate use of a knife to stab a victim multiple times in vital organs is evidence that can support a finding of premeditation.").  Rios argues that the decision of the Florida courts was unreasonable because a motion for a judgment of acquittal would have highlighted the discrepancies between Mercado's testimony and other evidence, but "[t]he fact that the evidence is contradictory does not warrant a judgment of acquittal," Fitzpatrick v. State, 900 So. 2d 495, 508 (Fla. 2005).  The Florida courts reasonably concluded that Rios had failed to establish that his counsel was ineffective.

We **AFFIRM** the denial of Rios's petition for a writ of habeas corpus.